# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

### (973) 776-7700

CHAMBERS OF
**JAMES B. CLARK, III**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
2 FEDERAL SQUARE, ROOM 369
NEWARK, NJ 07101

October 6, 2017

## LETTER ORDER

Re: **Holliday v. City of Elizabeth, et al.**
   **Civil Action No. 13-1006 (JMV)**

Dear Counsel:

Presently pending before the Court is motion by Plaintiff to seal Plaintiff's brief and attached exhibits [Dkt. Nos. 86, 87] in opposition to Defendants' motions for summary judgment [Dkt. No. 88]. Plaintiff's motion states that the brief and attached exhibits "contain information obtained from Internal Affairs complaint and other documents which were provided during discovery pursuant to a Confidentiality Order" executed by the parties. Dkt. No. 88 at ¶ 3.

It is well established that there is "a common law public right of access to judicial proceedings and records." *In re Cendant, Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). In order to overcome the presumption of a public right to access, the movant must demonstrate that "good cause" exists for the protection of the material at issue. *Securimetrics, Inc. v. Iridian Technologies, Inc.*, 2006 U.S. Dist. LEXIS 22297 at *2, 2006 WL 827889 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes a particularized showing that disclosure will cause a "clearly defined and serious injury to the party seeking closure." *Id.* (*citing Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

In this District, motions to seal are governed by Local Civil Rule 5.3. Under Rule 5.3, "[a]ny motion to seal or otherwise restrict public access . . . shall describe (a) the nature of the materials or

proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(3).

Plaintiff's motion suffers from several defects. First, the motion does not contain any discussion of factors (b)-(d) as required under Rule 5.3(c)(3). Secondly, even without any discussion by Plaintiff, upon the Court's review of the documents which Plaintiff seeks to seal, it appears that Plaintiff seeks to seal the brief and attached exhibits in their entirety, which is not the least restrictive alternative as required by Rule 5.3(c)(3)(d). *See, e.g., Houston v. Houston,* No. 08–5530, 2010 U.S. Dist. LEXIS 59028, at *4, 2010 WL 2522689 (D.N.J. June 14, 2010) (denying motion to seal where defendant failed to explain why "privacy needs could not be equally well served by sealing more narrowly tailored portions of the" documents); *Hershey Co. v. Promotion in Motion, Inc.,* No. 07–1601, 2010 U.S. Dist. LEXIS 43322, at *9, 2010 WL 1812593 (D.N.J. May 4, 2010) (denying motion to seal because a less restrictive alternative to sealing such as redaction was available); *Parkins v. Cont'l Airlines, Inc.,* No.: 2:10–CV–6165–ES–SCM, 2013 U.S. Dist. LEXIS 90176, 2013 WL 3285049 (D.N.J. June 26, 2013) ("A motion to seal should be denied if a court determines that a less restrictive alternative exists."); *Avaya Inc. v. Telecom Labs, Inc.,* No. 06–24902012 U.S. Dist. LEXIS 93686, *8–9 (D.N.J. July 6, 2012) ("[R]edation is preferable to sealing a document wholesale."). It seems to the Court that the parties' privacy interests could be adequately protected by sealing only those portions of Plaintiff's brief and attached exhibits which implicate such information, rather than sealing the brief and attached exhibits in their entirety.

For the reasons set forth above, Plaintiff's motion to seal [Dkt. No. 88] is **DENIED without prefudice** to the filing of a renewed motion within **fourteen (14) days** from the date of this Order which seeks to seal narrowly tailored portions of Plaintiff's brief and attached exhibits. The Clerk of the Court shall maintain the documents which are the subject of this motion [Dkt. Nos. 86, 87] under seal pending

the filing of a renewed motion to seal. If no such motion is filed within **fourteen (14) days**, the aforementioned documents shall be unsealed.

      **IT IS SO ORDERED.**

                                       <u>    s/ James B. Clark, III </u>
                                         **JAMES B. CLARK, III**
                                         **United States Magistrate Judge**