**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NAKIKI HOLLIDAY, *Plaintiff,* v. CITY OF ELIZABETH, *et al.*, *Defendants.* | No. 13-1006 (JMV) (JBC) **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on a motion for reconsideration filed by Plaintiff Nakiki Holliday ("Plaintiff"), D.E. 108, concerning the Court's February 20, 2018 Opinion and Order, D.E. 103 ("Prior Opinion" or "Prior Op."), 104, granting in part and denying in part motions for summary judgment filed by Defendants Grisel Arias, Franklin Banos, Alexander Blanco, Patrick Shannon, Carrie Scharpnick, and the City of Elizabeth (the "City"), D.E. 71, 74, 75, 76, 78. In the Prior Opinion and Order, the Court (1) granted the motions for summary judgment filed by Defendants Arias, Banos, Blanco, Shannon, and the City of Elizabeth; (2) granted in part and denied in part Defendant Scharpnick's motion for summary judgment; and (3) granted Scharpnick's motion to exclude Plaintiff's expert's testimony. Plaintiff requests reconsideration of the Court's decision (1) granting summary judgment in favor of Defendant City and Defendant Shannon as to *Monell* liability, and (2) granting the motion to exclude Plaintiff's expert's testimony regarding her *Monell* liability claim. D.E. 108. Plaintiff does not challenge the remainder of the Court's decision. *Id.* The Court reviewed all submissions in support and opposition of Plaintiff's

motion[1] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion for reconsideration is denied.

## I. BACKGROUND

The Court included an extensive factual background in its Prior Opinion, Prior Op. at 2-9, which the Court incorporates by way of reference here. Plaintiff first requests that the Court reconsider its grant of summary judgment as to Defendant City and Defendant Shannon on Plaintiff's *Monell* liability claim. Pl. Br. at 1. Second, Plaintiff requests that the Court reconsider its grant of summary judgment excluding Plaintiff's expert's testimony regarding Plaintiff's *Monell* liability claim. Pl. Br. at 1.

## II.   RECONSIDERATION STANDARD

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. The Court issued its Opinion and Order on February 20, 2018. D.E. 103, 104. Plaintiff filed her motion for reconsideration on March 5, 2018. D.E. 108. Accordingly, Plaintiff complied with this time requirement.

Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted).

---

[1] Plaintiff's brief in support of her motion for reconsideration will be referred to hereinafter as "Pl. Br." (D.E. 108); Defendant City of Elizabeth and Defendant Shannon's brief in opposition will be referred to hereinafter as "Def. Opp'n" (D.E. 109).

A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

### III. ANALYSIS

Plaintiff does not argue that there has been an intervening change in law or that new evidence is available. Instead, Plaintiff asks the Court to reconsider its decision granting summary judgment for Defendants City and Shannon, as well as the Court's holding that Plaintiff's expert report was inadmissible, because "dispositive factual matters and controlling decisions of law were overlooked by the Court in reaching its decisions." Pl. Br. at 2. Plaintiff contends that

> had these overlooked factual matters and legal decisions been considered in their entirety, the Court would have denied summary judgment on the unlawful policy, custom practice [sic] *Monell* claim against Defendants City of Elizabeth and Chief of Police Shannon and would have concluded that the testimony, opinions and report of Plaintiff's police liability expert would have been admissible to prove those *Monell* claims against them.

*Id.* Plaintiff does not challenge the remainder of the Court's decision granting summary judgment for Defendants Arias, Banos, and Blanco.

In essence, Plaintiff argues that the extraordinary remedy of reconsideration is necessary to correct a clear error of law or prevent manifest injustice. For the reasons discussed below, Plaintiff's arguments are unconvincing.

3

### A. Plaintiff's *Monell* Claims

Plaintiff first requests reconsideration of the Court's grant of summary judgment to Defendants Shannon and the City. Pl. Br. at 3-12. In its Prior Opinion, the Court granted summary judgment to Defendant City of Elizabeth and Defendant Shannon on Plaintiff's Section 1983 *Monell* claims based on an alleged unlawful policy, custom, or practice, or inadequate training by the Elizabeth Police Department. Prior Op. at 24-28. The Court found, in part, that "Plaintiff fail[ed] to identify any genuine issues of material fact that could give rise to a showing of a policy, practice, or custom that proximately caused Plaintiff's alleged constitutional harms specifically caused by Defendant Scharpnick [and that] Plaintiff offer[ed] insufficient evidence that Elizabeth and Shannon inadequately trained Scharpnick." *Id.* at 28. The Court reasoned that two excessive force complaints filed against Defendant Scharpnick in a two-year period did not present sufficient evidence of a potential pattern of improper conduct to result in potential liability to either the department or its supervising officers. *Id.* at 28.

Plaintiff does not challenge the Prior Opinion's reasoning or holding granting summary judgment for Defendants Arias, Banos, and Blanco. Instead, Plaintiff only contends that the Court erred in granting summary judgment in favor of Defendants City and Shannon on Plaintiff's *Monell* claims. Plaintiff argues that when granting summary judgment in favor of the City and Shannon, the Court overlooked (1) Plaintiff's arguments regarding the New Jersey Attorney General's Guidelines for Internal Affairs Policy and Procedure, (2) Plaintiff's analysis of the internal affairs process, (3) and controlling case law cited by both the Plaintiff and Court in its Opinion. Pl. Br. at 3.

The Court disagrees. First, these arguments were largely already made by Plaintiff in her opposition brief submitted in response to Defendants' motions for summary judgment. The Court

4

fully considered all of Plaintiff's arguments. Moreover, to the extent Plaintiff did not raise her current arguments in her summary judgment opposition brief, such arguments were clearly available to her and she chose, for whatever reason, not raise them. Neither Plaintiff's attempt to re-hash the same arguments nor her attempt to make new arguments that were previously available to her are appropriate for a motion for reconsideration. *See, e.g., Mercer Cty. Childrens Med. Daycare, LLC v. O'Dowd*, No. 13-1436, 2014 WL 1350657, at *1 (D.N.J. Apr. 7, 2014) ("A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made.").

Plaintiff cites four cases – two of which the Court explicitly addressed in its Prior Opinion. All four cases are distinguishable from the facts presented in this case. The Court's Prior Opinion addressed and distinguished *Noble v. City of Camden*, 112 F. Supp. 3d 208 (D.N.J. 2015) and *Merman v. City of Camden*, 824 F. Supp. 2d 581 (D.N.J. 2010). Prior Op. at 26-28. Plaintiff does not contend that the Court overlooked these cases; rather, Plaintiff merely disagrees with the Court's analysis. Plaintiff simply argues that the Court should have considered these cases differently. This type of argument is not grounds for reconsideration.

Plaintiff also now cites two cases that were cited in her opposition brief, but not expressly cited in the Court's Prior Opinion: *Monaco v. City of Camden*, No. 04-2406, 2008 WL 408423 (D.N.J. Feb. 13, 2008) and *White v. City of Trenton*, No. 06-5177, 2011 WL 6779595 (D.N.J. Dec. 27, 2011), *on reconsideration in part*, 848 F. Supp. 2d 497 (D.N.J. 2012). Plaintiff argues "[t]he Court's Prior Opinion overlooked" these two cases. Pl. Br. at 7. Neither case constitutes binding precedent on the Court. In issuing a decision, a court need not address each and every case that the parties cite. Nevertheless, the Court considered these cases before issuing its Prior Opinion. The selected quotes that Plaintiff now cites do nothing to change the Court's analysis. Plaintiff is

free to disagree with the Court's analysis. However, Plaintiff will not prevail on a motion for reconsideration when she is simply requesting the Court reevaluate cases previously cited to the Court. *See Mercer Cty. Childrens Med. Daycare*, 2014 WL 1350657, at *1 ("Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through.").

Critically, Plaintiff still fails to address the Court's analysis on causation. As the Court described in its Prior Opinion, "a plaintiff must show that the [alleged] unlawful policy or custom was the proximate cause of the plaintiff's injuries." Prior Op. at 25; *see also Watson v. Abington Twp.*, 478 F.3d 144, 156 (3d Cir. 2007) ("[A] sufficiently close causal link between . . . a known but uncorrected custom or usage and a specific violation is established if occurrence of the specific violation was made reasonably probable by permitted continuation of the custom."). As the Third Circuit explained:

> [P]roof of the mere existence of an unlawful policy or custom is not enough to maintain a § 1983 action. A plaintiff bears the additional burden of proving that the municipal practice was the proximate cause of the injuries suffered. To establish the necessary causation, a plaintiff must demonstrate a "plausible nexus" or "affirmative link" between the municipality's custom and the specific deprivation of constitutional rights at issue. As long as the causal link is not too tenuous, the question whether the municipal policy or custom proximately caused the constitutional infringement should be left to the jury.

*Bielevicz v. Dubinon*, 915 F.2d 845, 850-51 (3d Cir. 1990) (internal citations omitted).

Here, the only evidence advanced by Plaintiff specifically related to Defendant Scharpnick's alleged excessive force are two excessive force complaints filed against Scharpnick in a two-year period.[2] The second complaint concerns Scharpnick's conduct in this case. Pl. Br.

---

[2] As explained above, Plaintiff does not challenge the Court's grant of summary judgment for the remainder of the officer Defendants. Accordingly, the Court focuses on the causation issues related to Defendant Scharpnick's conduct.

at 4 ("Defendant Scharpnick had two Excessive Force Internal Affairs complaints, one of which was Plaintiff's complaint and which has never been investigated."). Additionally, Plaintiff failed to provide any information about Scharpnick's first excessive force complaint beyond the date, the complainant, the location of the event, and that Defendant Scharpnick was exonerated. *See* D.E. 86-4, Ex. R.

Accordingly, Plaintiff fails to meet the high burden of demonstrating that the Court's grant of summary judgment in favor of the City and Shannon on Plaintiff's Monell claims was in clear error. *See Montgomery v. De Simone*, 159 F.3d 120, 127 (3d Cir. 1998) (holding that "a failure to train, discipline or control can only form the basis for section 1983 municipal liability if the plaintiff can show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate.").

### B. Plaintiff's Expert Report

Plaintiff next requests reconsideration of the Court's decision to exclude Plaintiff's expert testimony regarding her *Monell* liability claim against Defendants City and Shannon. Pl. Br. at 1. The Court, in its Prior Opinion, found that Mr. Rivera's expert testimony regarding Plaintiff's *Monell* liability claim against Defendants City and Shannon "are moot because the Court has granted summary judgment to those Defendants on all counts." Prior Op. at 28. Plaintiff now submits that the Court "overlooked the dispositive factual matters contained in Mr. Rivera's report and a controlling decision of law cited by the Court," referring to *Noble v. City of Camden*, 112 F. Supp. 3d 208, 224 (D.N.J. 2015). Pl. Br. at 13-16.

First, Plaintiff's claim that the Court "overlooked" *Noble* is untenable, as Plaintiff even admits that this decision was "cited by the Court" in its Prior Opinion. Pl. Br. at 13. In its Prior Opinion, the Court explained,

> In *Noble*, the court denied summary judgment when the plaintiff presented evidence that two officer defendants who had accumulated 19 excessive force complaints "had been flagged for monitoring and supervision . . . and that past complaints against the officers had not been timely or properly investigated."

Prior Op. at 26-27. The Court then distinguished *Noble* from the present case, where Defendant Scharpnick only accumulated two excessive force complaints (one being the current action), explaining that "no court has found that two complaints over a two-year period sufficient evidence of a potential pattern of improper conduct to result in potential liability to either a department or its supervising officers." *Id.* at 27-28. Again, as above, Plaintiff merely disagrees with the Court's analysis, which is not grounds for reconsideration.

Additionally, Plaintiff submits that the Court overlooked "dispositive factual matters" contained in Mr. Rivera's report. Pl. Br. at 13. As explained above, the Court did not overlook any portion of Mr. Rivera's report; the Court carefully analyzed the report and its legal impact on Plaintiff's claims. Specifically, the Court found that "Rivera essentially assume[d] the role of the jury by deciding which facts to credit as reliable, assume[d] the role of the Court by opining on the relevant legal standards, and then opine[d] on the correct application of those facts to the law." Prior. Op. at 30. The Court then concluded that in doing so, "Rivera improperly invade[d] the province of both the jury and the Court." *Id.* Thus, the Court did not "overlook" dispositive factual matters, it simply concluded that Mr. Rivera incorrectly assumed the role of making such factual determinations and applying them to the law. The fact that Plaintiff disagrees with this analysis and conclusion is not grounds for reconsideration.

In sum, Plaintiff fails to fulfill her burden of showing that the Court made a clear error of law. Plaintiff's motion is an attempt to re-argue the same issues already addressed by this Court in its Prior Opinion. A motion for reconsideration is not the appropriate place to request a "second bite at the apple." Accordingly, Plaintiff's motion for reconsideration is denied.

### IV. CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 23 day of January, 2019,

**ORDERED** that Plaintiff's motion for reconsideration (D.E. 108) is **DENIED**.

John Michael Vazquez, U.S.D.J.